### JENNINGS et al. v. ROGERS SILVER PLATE CO.

(Circuit Court, D. Connecticut. August 14, 1899.)

#### No. 882.

PATENTS—INFRINGEMENT—ESTOPPEL.

> Complainant notified defendant that he had been granted a patent for a certain design, which both parties were then manufacturing, and requested him to cease infringing it. After some correspondence, defendant stated that he would not willfully violate the rights of others, and asked when the patent was issued. Complainant replied that the patent had been allowed, and had gone to issue, and stated that, as soon as he obtained a copy from the patent office, he would forward it to defendant. This he never did, and defendant, without making further inquiries, continued to make and sell the infringing goods for more than a year and a half. *Held* that, notwithstanding plaintiff's neglect to comply with his promise, he was not estopped from claiming full damages upon an accounting.

This was a suit in equity by Jennings Bros. against the Rogers Silver Plate Company for alleged infringement of a patent for a design for a mirror frame.

J. C. Chamberlain, for plaintiffs.

J. G. Calhoun, for defendant.

TOWNSEND, District Judge. Final hearing on bill and answer, alleging infringement of patent No. 23,654, for a design for a mirror frame, issued September 25, 1894, to Charles F. Mosman, and duly assigned to complainant herein. Infringement is not denied, and validity is admitted, except as affected by a claim of prior use for more than two years before April 26, 1894, the date of the application for the patent. The only evidence in support of this defense is the testimony of one of complainants, as follows:

"About when did you first see the design of this mirror frame as shown you, I presume, by Mr. Mosman?" "About the latter part of March, 1892. However, there probably was a few changes made in the drawing subsequent to that time. We bought the design shortly after. I think in the month of April, 1892."

Not only is this statement too indefinite as to the date, and as to what were the changes made in the drawing, even if it were otherwise sufficient, but it is overcome by the positive testimony of the patentee, who states that he did not make the first design until about the 1st of May, 1892. The only serious contention of defendant is to the effect that complainant is estopped to ask for anything more than nominal damages, by reason of the following facts: Each of the parties manufactured these designs for about a year and a half before the patent was issued. On August 8, 1894, complainant wrote defendant as follows:

"We made application several months ago, and have been granted patent on the mirror stand and frame known as our 'scroll design,' a cut of which design is hereto attached. We are informed and believe that you are manufacturing this article, which, if true, is an infringement on our patents. We therefore give you notice to at once discontinue the manufacture of said articles, and thereby to cease from such infringement. Unless this is promptly done by you, we shall be compelled to apply to the courts to protect our rights under the patent, and to obtain redress for such damages as you have caused and may cause us by such infringement. Your prompt acknowledgment is desired."

On August 8th and 29th respondent wrote to complainant, asking for information as to when and where said patent was issued, and, in response to complainant's threat to bring suit, wrote, "We shall not willfully violate any obligation, either legal or moral, that we are under towards others in trade," and added, "We renew our request for the date of your patent." To this letter, complainant, on August 31st, 1894, replied as follows:

"The patent referred to for a design for a mirror frame called 'scroll pattern,' of which we sent you descriptive cut, has been granted and gone to issue. As soon as we have copy from the patent office we will forward same to you."

The patent issued September 25, 1894, but complainant never sent respondent a copy thereof, and respondent kept on manufacturing said design for a year and a half, when complainant, without notice, brought suit.

It is not necessary to comment upon the broken promise of complainant, or the negligence of respondent in manufacturing and selling the infringing goods for more than a year and a half after the issuance of the patent without learning whether such a patent had been issued, and without making any further effort to learn about it, simply because counsel told him, as he says, that "I could await a reply from Jennings Bros., who promised to send me a copy of their patent when issued." The patent has expired, and the only question herein raised was whether or not complainant was entitled to an accounting. This should be allowed.

The questions as to the effect of the alleged laches of complainant and as to the interference by defendant with complainant's rights, can safely be reserved until the coming in of the master's report. Let an order be entered for an accounting, with costs.